352

Springfield Township Authority v. Braun

*David E. Groshens*, for plaintiff.

*Samuel H. High, Jr.*, for defendants.

FORREST, J., June 12, 1956.—This is a proceeding under the Municipal Lien Act of May 16, 1923, P. L. 207, sec. 14, 53 PS §7182, brought by property owners allegedly subject to a certain municipal claim for laying a sanitary sewer and lateral to determine how much is due and owing to the municipality. The owners having presented their petition, this court granted a rule upon the municipality to file an affidavit of the amount claimed and to show cause why petitioners should not be allowed to pay the amount admitted to be due and to enter security for the balance of the claim. The rule was made absolute, the municipality filed its affidavit of amount claimed and the owners filed their bond with surety which was approved by the court. The act, supra, provides for trial of the "material, disputed facts, if any . . . by a jury . . ." In lieu thereof, counsel have filed a stipulation of facts.

The facts which need be stated in order to understand this decision are as follows: Ernest W. Braun and Helen S. Braun, his wife, own premises known as 1601 Clive Road, Springfield Township, in this county. Said premises is lot no. 35 on Plan of Sunnybrook approved by the board of commissioners of the township on September 12, 1945. This lot is generally shaped like a piece of pie. The boundary of the lot which borders the street might be considered the extremity of the crust of the pie. It is straight at the left front extremity for only 7.01 feet and then curves on a radius of 200 feet a distance of 155.5 feet. Clive Road continues beyond the aforesaid left front extremity to the left approximately 150 feet to Garden Road and thence straight ahead another 250 feet where it terminates at its junction with Burton Road. From the right hand side of the curved front of plaintiff's

premises the road continues to curve on the same radius for an additional distance of 67 feet, and then straightens out for approximately 525 feet when it curves to the left and finally proceeds straight a distance of 358 feet to its terminus at Burton Road. Properties on the road hitherto called Clive with house numbers of 1600 and upward are designated in the township records as Clive Road addresses, while properties with house numbers of 500 to 1599 are designated as Willow Road addresses.

For practical purposes Clive Road and Willow Road comprise different sections of the same street; for some undisclosed reason, in the middle of the particular block in which plaintiffs' property is situate, at a curve of the road, its name changes from Clive to Willow. Thus the confusion is compounded. If the center lines of the road on each side of the curve were projected, they would intersect and if the angle of such intersection were bisected, the line would intersect the arc frontage of the Braun's property so that the arc frontage thereof which might be designated as on Clive Road would be 118.26 feet and the arc frontage thereof which might be designated as on Willow Road would be 44.25 feet. Plaintiff recently laid a sanitary sewer in the bed of Clive Road and Willow Road, including the portion of the road along defendants' total frontage. Defendants' property has been assessed for the full frontage of 162.51 feet at a rate of $9.32 per front foot plus the cost of a lateral at $75 or a total of $1,589.59. On March 2, 1955, defendants paid $238.44, the amount which they admittedly owed, leaving a balance of $1,351.15 claimed by the authority.

The resolution on the basis of which the aforesaid assessment was made contained, inter alia, the following:

"Where any property shall be situate at the intersection of, and thus adjacent to or adjoining, more than one . . . road . . . in which a sewer line shall be constructed, which sewer line shall therefore pass in front of or be contiguous to, two sides of such property, the owner or owners of such assessable property shall be assessed for the full frontage of one (if unequal in length, then the shorter) side of such property, which shall be known and designated as the front thereof, and shall be assessed for only such part of the other side which exceeds one hundred (100) feet."

The authority decided that petitioners herein were not entitled to the said exemption of 100 feet for the reason that Clive Road and Willow Road are, in fact, one continuous street and therefore, petitioner's property was not situate at the intersection of two streets.

However, it is conceded that: (1) The exemption was granted as to lot no. 101. That lot is situate at a place where Hunters Lane curves to the right and becomes known as Marks Road, the curb line of Marks Road being at an angle of approximately 90 degrees from the curb line of Hunters Lane. The lot is shaped roughly like a quarter-pie and the entire frontage is curving. There is no actual intersection. (2) The exemption was granted as to lot no. 361. This lot is situate at a place where its edge on Hunters Lane curves inward approximately 90 degrees. Eighty feet of the frontage is on a straight line, then comes the curve for an arc distance of 109.95 feet, then the frontage is straight for a distance of 25 feet. There is no actual intersection. (3) and (4) The exemption was granted as to lots nos. 387 and 396 where the lot sizes and shapes corresponded precisely with those of lot no. 361.

Furthermore, the exemption was granted as to a number of other lots situate at the point of intersection of roads or at the point of converging of roads

which, strictly speaking, do not intersect and which therefore, it may be argued, are not different roads but one and the same, though bearing different names at different places. These lots include lot numbered 1 at the corner of Clive and Burton Roads, lot numbered 15 at the corner of Burton and Garden Roads, lot numbered 1 at the corner of Garden and Burton Roads, lots numbered 18 and 16 at the corner of Willow and Burton Roads and lot numbered 17 at the corner of Burton and Mill Roads.

Counsel have stipulated that the question for determination by the court is whether the property of the Brauns comes within the resolution adopted by the authority as quoted above. The resolution must be construed in the light of the enabling Municipality Authorities Act of May 2, 1945, P. L. 382, sec. 4, as amended, 53 PS §306. This provides, inter alia: "B. Every Authority is hereby granted . . . the following rights and powers: . . .(s) To charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot front rule. Such charges shall be based upon the foot frontage of the properties so benefited. . . . Such charges may be assessed . . . in the manner provided by law for the assessment . . . of charges . . . of the municipality in which such Authority is located: . . ."

Reference to The First Class Township Law of June 24, 1931, P. L. 1206, sec. 2408, as amended by the Act of May 27, 1949, P. L. 1955, sec. 49, 53 PS §57408, discloses that: "The charge for any such sewer system construction in any township shall be assessed upon the properties accommodated or benefited in . . . the following methods: (a) By an assessment . . . of each lot or piece of land in proportion to its frontage abutting on the sewer, allowing such reduction in the case of properties abutting on more than one sewer as the

ordinance may specify." Thus it appears that the reduction or exemption from assessment which may be authorized by the ordinance applies only to properties *abutting on more than one sewer.*

" [In the common sense of the term (a sewer) means a large, and, generally, though not always, underground passage or conduit for fluid and feculent matter, from a house or houses to some other locality, and usually the place of discharge. Other courts have defined a sewer to be a closed or covered waterway for conveying and discharging filth, refuse and foul matter, liquid or solid, . . .': Durham v. Eno Cotton Mills, 57 S. E. 465, 144 N. C. 705; 11 L. R. A. (n. s.) 1163, 1166; State Board of Health v. Jersey City, 55 N. J. Eq. 116, 35 Atl. 835": Wilkinsburg Borough v. School Dist., 298 Pa. 193, 199 (1929).

Unlike the earthworm which, when severed into parts, becomes, or seems to become, several entities, one sewer is not transformed into two or more sewers by the fact that the planners of a tract in an oversupply of appellations gave two or three names to different parts of one street, nor by the fact that the street twists, bends or zigzags on its way. The resolution must be construed to permit an exemption provided there are not only two roads but there is also a distinct sewer or branch of a sewer under each road. Otherwise it would exceed the legislative authorization and such a construction is not to be given to an ordinance where it is possible to attribute a meaning which will render the ordinance valid. See Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52(3), 46 PS §552.

This decision may work a slight hardship in this case. Other instances may occur where the bends of roads will be more acute and the hardship correspondingly greater on the owners of land inside of the bend than is the case here. However, the rules of thumb by

which sewer assessments are made may wreak "some discrimination and some preferences" in certain instances: Rankin v. Chester Municipal Authority, 165 Pa. Superior Ct. 438, 450 (1949). The propriety of the exemptions granted to certain other lots above mentioned is not before us for determination and we express no opinion thereon.

And now, June 12, 1956, upon stipulation of facts by counsel for plaintiff and defendants, and upon consideration thereof by the court, the prothonotary is ordered and directed upon payment of his proper costs, to enter judgment for the Authority of Springfield Township and against Ernest W. Braun and Helen S. Braun in the sum of $1,351.15 with interest at four percent per annum from March 2, 1955.

*Opinion and Order Sur Reargument*

FORREST, J., December 14, 1956.—Defendant has petitioned this court for reargument. His only contention is that the decision in Wilson v. Upper Moreland-Hatboro Joint Sewer Authority, no. 151, April term, 1956, is contrary to the decision reached in our former opinion in this matter.

The opinion in the Wilson case was based upon the first and second sentences of section 4, subsec. B(s) of the amended Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §306, which reads as follows: "Every Authority is hereby granted . . . the following rights and powers: . . .(s) To charge the cost of construction of any sewer constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot front rule. Such charges shall be based upon the foot frontage of the properties so benefited, and shall be a lien against such properties."

Under our construction of these two sentences we sustained a charge against a property which was bene-

fited by a sewer which stops short of plaintiffs' property but which was connected by a diagonal lateral resulting in service to the property just as though the sewer itself ran in front of the property. Contrary to the contention of defendant here, we did not base our decision in the Wilson case upon the third sentence in the subparagraph (s), reading as follows: "Such charges may be assessed and collected and such liens may be enforced in the manner provided by law for the assessment and collection of charges and the enforcement of liens of the municipality in which such Authority is located." This third sentence is the very provision upon which defendant depends for his exemption. There certainly is no other provision under which an exemption may be granted. The question therefore arises as to what is the law in the municipality in which this authority operates and the sewer is laid.

The Township of Springfield, a first class township, is governed by The First Class Township Law of June 24, 1931, P. L. 1206, sec. 2408, as amended, 53 PS §57408, which provides as follows: "The charge for any such sewer system construction in any township shall be assessed upon the properties accommodated or benefited in . . . the following methods: (a) By an assessment . . . of each lot or piece of land in proportion to its frontage abutting on the sewer, allowing such reduction in the case of properties abutting on more than one sewer as the ordinance may specify." Thus it is seen that in the Wilson case a different portion of subparagraph (s) of the Municipality Authorities Act was construed than is construed in this case. Furthermore, as we have pointed out herein, the question in the Wilson case was as to whether a frontage could be assessed even though the actual sewer line was not laid in front of the property, whereas in this case

we are asked to determine whether an exemption should be allowed. Thus, the Wilson case, which was the only basis for the reargument, is distinguished.

And now, December 14, 1956, is is ordered, adjudged and decreed that the order of June 12, 1956, is hereby reaffirmed as the final order of the court.